IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-83-BO

| | | |
|---|---|---|
| TRACEY GENE RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 12, 2017, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB on July 31, 2012 and protectively filed for SSI on January 25, 2012, alleging in both applications disability since December 3, 2009. After initial denials, a videohearing was held before an Administrative Law Judge (ALJ) who considered the claim de novo and issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 9, 2016. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's history of a fracture of the right upper extremity, post-traumatic arthritis, history of right-sided carpal tunnel syndrome, obesity, and adjustment disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional and non-exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work as a bridge carpenter, wood working machine operator, or welder, but that, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant

3

numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, June 25, 2014.

Plaintiff contends that the ALJ erred in finding that plaintiff could perform light work and that the ALJ erred in his credibility determinations. The Court addresses each of plaintiff's assignments of error in turn.

A.  RFC

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence in that the medical evidence supports a finding that plaintiff is more restricted in his ability to use his right upper extremity than as found by the ALJ. Plaintiff further argues that he cannot perform the lifting requirements of light work and that the ALJ did not engage in a full function-by-function analysis when determining plaintiff's RFC.

Light work requires a claimant to lift no more than twenty pounds at a time with frequent lifting or carrying of ten pounds. 20 C.F.R. § 404.1567(b). In 2008, plaintiff was in an automobile accident and sustained a complicated right ulnar fracture at the elbow. Tr. 432-36. Plaintiff had two subsequent surgeries to the site, the second of which occurred in February 2009. Tr. 377-84. In January 2010, plaintiff was assessed with an arc of motion from 10-100, no crepitus or grinding, no effusion, and motor and sensory nerves intact. Tr. 372. Although plaintiff had presented with pain exacerbated by cold weather, his surgeon explained that there were no further treatment options that he could provide. *Id.* Plaintiff returned to his surgeon in July 2012 with complaints of pain and reduced range of motion. Plaintiff's physician noted that plaintiff lacked about ten degrees of full extension and forty-five degrees of supination, had full flexion and pronation, and normal nerve studies. Tr. 364. Plaintiff's surgeon noted that

4

additional surgery could make plaintiff's condition worse and recommended conservative therapy. *Id.*

Substantial evidence supports the ALJ's finding that plaintiff could perform a reduced range of light work. Although plaintiff asserts that he is unable to perform the lifting requirements of light work he has not identified any evidence in the record which would support a more restricted lifting limitation. Further, the ALJ accounted for plaintiff's additional limitations, including carpal tunnel syndrome in the left wrist, by requiring push/pull and manipulative limitations in the RFC. Tr. 19. Finally, while "'remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review,'" *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal alteration omitted) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)), the Court does not find remand to be necessary here as the ALJ sufficiently addressed plaintiff's relevant limitations and functional capacities in this case. Tr. 16-19.

B.  Credibility

An ALJ's credibility determination is generally entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). The ALJ here properly considered the nature of prescribed treatments and plaintiff's daily activities when making his credibility determination and assessing plaintiff's subjective testimony. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996); *see also Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (reported daily activities may undermine subjective complaints); *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) (response to conservative treatment may be evidence a condition is not disabling). Specifically,

5

the ALJ considered that while plaintiff's complaints of arm pain continued after his surgery, his physical examinations revealed intact manual dexterity, normal nerve study, and prescriptions for conservative treatment. Tr. 18-19. Plaintiff has not presented a sufficient basis upon which to question the ALJ's credibility determination.

## CONCLUSION

In sum, the ALJ's decision reflects application of the correct legal standards and a thorough consideration of the medical record and testimony. The decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. Plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED.


SO ORDERED, this _13_ day of February, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE